UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THOMAS PITERA,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------X

**MEMORANDUM & ORDER**

99 CV 191

90 CR 424

DEARIE, District Judge.

    Petitioner, pro se, moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from the denial of his petition to vacate his conviction. For the reasons set forth below and in respondent's July 27, 2007 opposition letter, petitioner's motion is denied.

**Background**

    On October 23, 1992, petitioner was sentenced to multiple prison terms, including seven concurrent terms of life imprisonment, for his involvement in numerous brutal murders, extensive narcotics trafficking and various firearms offenses as the leader of the Pitera Crew of the Bonanno Organized Crime Family. The Second Circuit affirmed petitioner's conviction on appeal, noting that the evidence "abundantly established" his guilt. United States v. Pitera, 5 F.3d 624, 626 (2d Cir. 1993). The Supreme Court denied certiorari on February 22, 1994. Pitera v. United States, 510 U.S. 1131 (1994).

    In September 1998, petitioner moved to vacate his conviction pursuant to 28 U.S.C. § 2255. He argued that the prosecution failed to disclose material that could have been used to impeach Frank Gangi, an accomplice witness, and various Drug Enforcement Administration agents on his case and that counsel was ineffective for failing to obtain the material. On

November 20, 1998, Judge Reena Raggi dismissed the petition as time-barred because it was filed after the expiration of the one-year grace period applicable to prisoners whose convictions became final before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA).

In February of 1999, petitioner sought to have the dismissal vacated. He argued that the grace period should have been tolled while his unsuccessful application for discovery in anticipation of filing a § 2255 petition was pending and that the government impeded his timely filing by failing to disclose the impeachment material. By endorsed order on February 17, 1999, Judge Raggi declined to vacate the dismissal and again found the petition unitmely and unsupported by new evidence warranting further inquiry.

In June of 1999, petitioner again moved to vacate the dismissal of the petition, claiming that he had discovered new evidence that the government had suborned perjury by failing to disclose impeachment material. As new evidence, petitioner supplied affidavits of criminal confederates, information relating to Gangi's arrest history, and citations to scientific articles relating to the forensic evidence. Judge Raggi denied the motion on several grounds, including that petitioner failed to demonstrate that the new evidence could not have been obtained earlier and failed to demonstrate that the government could be faulted for not disclosing the evidence at trial. In addition, Judge Raggi concluded that none of the evidence put forward by petitioner, had it been disclosed at trial, would have likely resulted in a different outcome. Pitera v. United States, No. CV 99-191, 2000 WL 33200254 (E.D.N.Y. Dec. 21, 2000).

Petitioner's current submissions seeking Rule 60(b) relief are based in large part upon recent trial testimony and anticipated trial testimony of Frank Lino, a Bonanno crime family

2

member. Petitioner contends that Lino's testimony is inconsistent with information provided by an agent of the Federal Bureau of Investigation in a supporting affidavit for an electronic surveillance application that yielded evidence admitted against petitioner at trial. In the affidavit, the agent describes Lino and Pitera as "large-scale heroin and cocaine dealers in Brooklyn." (Mot. Ex. C at 6, November 7, 2006.) Petitioner contrasts this with the May 27, 2004 testimony of Lino in United States v. Massino, 02 CR 307 (NGG), and in United States v. Amato et al., 03 CR 1382 (NGG), that Pitera and Lino never shared the proceeds of drug sales and that Lino was never involved in selling heroin. He argues that if he had known of these contradictions, he could have successfully attacked the supporting affidavit. In addition, without indicating the relevant testimony, petitioner contends that Lino's testimony demonstrates that Gangi perjured himself at trial.

These claims do not relate to the integrity of the proceedings before Judge Raggi that led to the denial of petitioner's application for relief pursuant to 28 U.S.C. § 2255. Rather, they are attacks on petitioner's underlying conviction and relate to the merits of petitioner's prior habeas application. Cf. Gonzalez v. Crosby, 545 U.S. 524, 532 n. 4 (2005) (noting in the context of state habeas that challenges to rulings regarding exhaustion, procedural default and timeliness are proper Rule 60(b) claims and not habeas corpus claims). Thus, this portion of the motion constitutes a successive § 2255 petition. Cf. id. at 531-32 (Rule 60(b) motion raising claims for relief from judgment of conviction constitutes another § 2254 petition for habeas corpus relief). Indeed, while this application was pending, petitioner sought authorization from the Second Circuit to file a successive petition based on these claims. His application was denied on April

24, 2007 for failure to satisfy the requirements set forth in 28 U.S.C. § 2255.[1] Because the relief petitioner seeks on these claims is beyond the scope of Rule 60(b), this portion of the motion is denied. See Harris v. United States, 367 F.3d 74, 77 (2004) ("[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction."); Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002) ("[T]he [district] court always has the alternative of simply denying, as beyond the scope of Rule 60(b) . . . the portion [of the motion] believed to present new attacks on the conviction.").

To the extent that the motion challenges Judge Raggi's calculation of the statute of limitations period, Rule 60(b) relief is also denied. Petitioner merely repackages the argument he previously made that his petition should be considered timely because his efforts to obtain the impeachment evidence were slowed by time-consuming Freedom of Information Act ("FOIA") request procedures. There is no reason for this Court to disturb Judge Raggi's conclusion that the petition was largely based on evidence that could have been obtained without FOIA requests.

Moreover, Judge Raggi made clear that, on the merits, the evidence petitioner presented in his first petition could not "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Pitera, 2000 WL 33200254, at *4 (quoting Kyles v. Whitley, 514 U.S. 419, 435 (1995)). Similarly, there is no reasonable probability that evidence

---

[1] Pursuant to 28 U.S.C. § 2255, a second or successive petition must be based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

4

petitioner now brings before the Court, had it been disclosed at trial, would have changed the outcome. See Kyles, 514 U.S. at 433. For all of these reasons, petitioner's application is denied.

SO ORDERED.

Dated: Brooklyn, New York
October 9, 2007

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge